IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **CINDY A. BROYLES and** | : | |
| **MICHAEL BROYLES,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 7:04-cv-118 (HL) |
| | : | |
| **WAYNE L. McCANE,** | : | |
| | : | |
| Defendant. | : | |

## ORDER

The Court finds the Suggestion of Death (doc. # 48) in this case has been properly filed and properly served. As a result, the ninety-day limitations period to file a motion for substitution shall begin to run from the date the Suggestion of Death was filed: July 31, 2006. In addition, all matters in this case shall be stayed, including the pretrial conference scheduled for August 29, 2006, and the trial scheduled to begin on September 18, 2006, until further notice from the Court.

**I.      FACTUAL AND PROCEDURAL HISTORY**

On July 31, 2006, counsel for Defendant Wayne L. McCane ("McCane") filed a Suggestion of Death (doc. # 48), alleging McCane had died on or about July 27, 2006. On the same date, defense counsel filed a Certificate of Service indicating he had served a copy of the Suggestion of Death upon counsel for the Plaintiffs, Cindy A. and Michael Broyles ("Broyles"),

1

through the Court's electronic filing system. Since this notification, counsel for both parties have contacted the Court to inquire about the status of the currently scheduled pretrial conference and trial in this case. The Court issues this Order to address their concerns.

## II.     FEDERAL RULE OF CIVIL PROCEDURE 25(a)(1)

Federal Rule of Civil Procedure 25(a)(1) states:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of summons . . . . Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of facts of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed. R. Civ. P. 25(a)(1).

The United States Court of Appeals for the Eleventh Circuit has recognized that once a suggestion of death has been properly filed, a district court is "empowered to set a time limit within which a substitution ha[s] to be consumated," after which a case may be dismissed. Escareno v. Carl Nolte Sohne GmbH & Co., 77 F.3d 407, 411 (11th Cir. 1996). However, before a court may set that time limit, it must necessarily determine whether the suggestion of death has been properly filed and properly served. Finally, a court is authorized to extend the time in which to file a motion for substitution before the expiration of the ninety-day period pursuant to Federal Rule of Civil Procedure 6(b).

### A. Filing Requirement

A clear reading of Rule 25(a)(1) indicates a suggestion of death must be filed on the record in a case before the ninety-day time period for filing a motion for substitution begins. Numerous courts have recognized this requirement. See, e.g., Grandbouche v. Lovell, 913 F.2d 835, 836 (10th Cir. 1990) (per curiam) (holding the 90-day limitation time "is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death"); Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994); Lake Lucerne Civic Ass'n, Inc. v. Dolphin Stadium Corp., 801 F. Supp. 684, 692 (S.D. Fla. 1992).

### B. Service Requirement

The second requirement necessary to trigger the ninety-day clock envisioned in Rule 25(a)(1) is that the suggesting party must serve other parties and nonparties. Per Rule 25(a)(1), the suggestion of death is served in the same manner as the motion to substitute. Therefore, a party may be served through his attorney, pursuant to Federal Rule of Civil Procedure 5(b), but nonparties must be personally served, pursuant to Federal Rule of Civil Procedure 4(d)(1).

### III. ANALYSIS

Counsel for McCane filed a Suggestion of Death (doc. # 48) on the record on July 31, 2006, satisfying Rule 25(a)(1)'s filing requirement. In addition to filing this document with the Court, counsel for McCane provided a Certificate of Service indicating he had served a copy of it upon counsel for the Broyles, satisfying Rule 25(a)(1)'s service requirement. As a result, the ninety-day limitations period to file a motion for substitution shall begin to run from the date the Suggestion of Death was filed: July 31, 2006. In addition, all matters in this case shall be

stayed, including the pretrial conference scheduled for August 29, 2006, and the trial scheduled to begin on September 18, 2006, until further notice from the Court.[1] The parties are directed to keep the Court apprised of any developments in the case through the filing of appropriate motions and notices on the record.

## IV. CONCLUSION

The requirements under Federal Rule of Civil Procedure 25(a)(1) for filing and service of a Suggestion of Death have been satisfied. The parties have ninety days from the date the Suggestion of Death was filed, July 31, 2006, to file a motion for substitution as to McCane. If no motion for substitution or motion for extension of time under Federal Rule of Civil Procedure 6(b) is filed within those ninety days, this case shall be dismissed.

SO ORDERED, this the 23rd day of August, 2006.

                              **s/    Hugh Lawson**
                              HUGH LAWSON, JUDGE

pdl

---

[1] This necessarily negates the need for the parties to file any of the documents listed in the Court's April 28, 2006 Order (doc. # 45), including a joint proposed Pretrial Order, at this time.